# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. CR410-108 |
| ) | |
| SHEDRICK SPAULDING, JR. and ) | |
| MARION MAURICE FIELDS ) | |

## REPORT AND RECOMMENDATION

Before the Court are Shedrick Spaulding's motion for leave to appeal *in forma pauperis* ("IFP") (doc. 178) from the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce sentence (doc. 174), and Marion Fields' motion for free transcripts, apparently for the purpose of preparing a motion for collateral relief. Doc. 179.

### A. Motion for Leave to Proceed IFP on Appeal

"To obtain leave to proceed IFP on appeal, [Spaulding] must show that he is a pauper and that he will present a nonfrivolous[1] issue for appeal." *United States v. Heyliger*, 407 F. App'x 803, 804 (5th Cir. 2011)

---

[1] Frivolous means "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002); *see also see also Howard v. Augusta-Richmond Cnty., Ga.*, No. 14-15474, slip op. at 2 (11th Cir. Sept. 2, 2015) ("To be frivolous, a complaint must be so lacking in arguable merit as to be groundless or without foundation.") (quotes omitted); *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009).

(denying leave to appeal IFP on challenge to district court's denial of 18 U.S.C. § 3582(c)(2) motion). He proffers proof that he's a pauper, *see* doc. 178, but his appeal is frivolous and so IFP status should be denied.

Under § 3582(c)(2), courts may modify a term of imprisonment, after considering the factors in 18 U.S.C. § 3553(a), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." If, however, the imposed sentence is based on an unaffected sentencing range, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Lamb*, 485 F. App'x 380, 381-82 (11th Cir. 2012) ("[A] sentence adjustment under § 3582(c) is not a *de novo* re-sentencing; a court may apply the § 3553(a) factors only if it first has the authority to grant a reduction and then decides to reduce the sentence.").

Amendment 782, which retroactively reduced most drug quantity base offense levels (and upon which Spaulding rests his § 3582(c)(2) motion), did not lower his sentencing range because the Court sentenced him as career offender under U.S.S.G. § 4B1.1, *not* on the basis of a drug quantity determination. *See United States v. Williams*, 2015 WL

1607967 at * 2 (N.D. Ill. Apr. 9, 2015) ("Since Williams was properly sentenced as a career offender, we find that Amendment 782 does not entitle Williams to a further reduction in his sentence."); PSI ¶ 26.[2] Hence, the Court lacked authority to resentence Spaulding under § 3582(c) and so had no occasion to apply the § 3553(a) factors. Because no component of that analysis or conclusion is questionable, Spaulding's appeal is frivolous and his motion to appeal IFP should be **DENIED**.

### B. Motion for Transcripts

Fields moves for free copies of his trial and sentencing transcripts, as well as copies of "Habeas Corpus forms 2241 and 2255." Doc. 179. The Court presumes he wants the transcripts to help him prepare to file for post-conviction relief. But Fields has filed no collateral attacks to his conviction or sentence and so "is not entitled to these documents free of charge." *United States v. Mitchell*, 2008 WL 824226 at * 1 (M.D. Fla. Mar. 26, 2008); *see also Pope v. Adams*, 2015 WL 4394286 at * 2 (N.D. Ala. July 16, 2015) ("[A] prisoner's right to obtain 'access to the court

---

[2] The PSI calculated Spaulding's total offense level using the drug quantity provisions -- which Amendment 782 *does* affect -- as 25. PSI ¶ 25. Nevertheless, and as the PSI properly recognized, "if the offense level for a career offender from the table in [§ 4B1.1] is greater than the offense level otherwise applicable, the offense level from the table in [§ 4B1.1] shall apply." *Williams*, 2015 WL 1607967 at * 1 (quoting U.S.S.G. § 4B1.1). Indeed, even Spaulding admits that § 4B1.1 "was applicable" because of his prior convictions. Doc. 173 at 2.

files of their underlying criminal proceeding,' . . . does not extend 'for the purpose of *preparing* a collateral attack on a conviction.'") (quoting *Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992)) (emphasis in original); *id.* ("[A] request by a prisoner for access to the court files of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction, [and] a prisoner is entitled to access the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding.").[3] The Court therefore **DENIES** Fields' motion for transcripts at public expense. Doc. 179.

Nevertheless, this Court freely dispenses preprinted, court-issued forms to all comers with no justification required (they are even available

---

[3] In any case, a 28 U.S.C. § 2255 motion would be untimely since Fields' conviction became final well over one year ago. *See* doc. 141 (mandate of court of appeals affirming his judgment, filed October 24, 2012); 28 U.S.C. § 2255(f) (one year limitations period measured from the "date on which the judgment of conviction becomes final"). His motion otherwise illuminates no substantial issue requiring a transcript for its resolution. *See* 28 U.S.C. § 753(f); *United States v. Heyward*, 2008 WL 5189725 at * 1 (S.D. Ga. Dec. 10, 2008) ("'[I]ndigent prisoners seeking postconviction collateral relief do not have an automatic right to free copies of court transcripts and documents. Criminal defendants have an absolute right to a trial transcript for direct appeals, but, if they are seeking postconviction collateral relief, they must first demonstrate a nonfrivolous claim.'") (quoting *Nortonsen v. Larimer Cnty. Dist. Court*, 178 F. App'x 783, 783 (10th Cir. 2006)).

4

on the court's public website),[4] so the Clerk is **DIRECTED** to include a copy of the § 2255 form (there is no § 2241 form) with its service of this Order upon Fields.

**SO REPORTED AND RECOMMENDED,** this 9th day of September, 2015.

                                              UNITED STATES MAGISTRATE JUDGE
                                              SOUTHERN DISTRICT OF GEORGIA

---

[4] *See* http://www.gasd.uscourts.gov/pdf/AO_243.pdf