# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 𝖋𝖔𝖗 𝖙𝖍𝖊 𝕾𝖔𝖚𝖙𝖍𝖊𝖗𝖓 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕲𝖊𝖔𝖗𝖌𝖎𝖆 𝕾𝖆𝖛𝖆𝖓𝖓𝖆𝖍 𝕯𝖎𝖛𝖎𝖘𝖎𝖔𝖓

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> MARION MAURICE FIELDS, <br><br> Defendant. | CR 410-108-2 |

**ORDER**

Before the Court is Defendant Marion Fields's motion for jail-time credit. Dkt. No. 217. Defendant alleges he should be given credit to his federal prison term for time served in state custody from April 2011 to October 2013. See id.

**LEGAL AUTHORITY**

Pursuant to 18 U.S.C. § 3585(b), a defendant shall receive credit toward a custodial term for any time spent in official detention prior to the date the sentence commenced "that has not been credited against another sentence."

**DISCUSSION**

The Court finds that Defendant's motion to the Court is premature. "The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the [Bureau of Prisons], as opposed to district courts." United States v. Roberson, 746 F. App'x 883, 885 (11th

Cir. 2018) (citing United States v. Wilson, 503 U.S. 329, 330, 333 (1992) (construing 18 U.S.C. § 3585(b))). In other words, "[t]he granting of credit for time served is in the first instance an administrative, not a judicial, function." Id. (quoting United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (quotation marks omitted)). Federal regulations afford prisoners administrative review of the computation of their credits. See 28 C.F.R. §§ 542.10-542.19.

Because the Bureau of Prisons has the responsibility for determining credit awards, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." Id. (quoting United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005)). Only "after the exhaustion of administrative remedies" may a claim for credit for time served be brought under 28 U.S.C. § 2241. Id. (quoting Nyhuis, 211 F.3d at 1345). Here, Defendant's filing does not show that he has exhausted his administrative remedies by requesting credit and/or clarification from the Bureau of Prisons. Defendant's motion is, therefore, **DISMISSED**.

Further, to the extent Defendant requests appointment of counsel, see dkt. no. 217, the Court **DENIES** Defendant's motion. There is no automatic constitutional right to counsel in post-conviction proceedings in a criminal case. See Pennsylvania v.

Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985); see also Barbour, 471 F.3d at 1227-32 (even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel). Moreover, the Court has broad discretion when determining whether to appoint counsel in a post-conviction proceeding and should do so only in exceptional circumstances. United States v. Alford, 816 F. App'x 375, 376 (11th Cir. 2020). Here, Defendant has shown no exceptional circumstances warranting appointment of counsel.

## CONCLUSION

Defendant's motion for jail time credit, dkt. no. 217, is **DISMISSED** for failure to exhaust his administrative remedies with the Bureau of Prisons. Further, to the extent Defendant requests appointment of counsel, his motion is **DENIED**.

**SO ORDERED**, this 3 day of January, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA